IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBIN D. MACLEISH,

                                Plaintiff,

      v.

JAMES ROBERT LOHR,

                                Defendants.

OPINION AND ORDER

21-cv-212-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant James Robert Lohr filed a notice of removal of a state eviction action filed in the Circuit Court for Sauk County, Wisconsin. Plaintiff Robin MacLeish then filed a motion to remand the case on the grounds that this court lacks jurisdiction over it and because defendant's notice of removal was untimely. Dkt. #6.

I will grant plaintiff's motion. Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorizes it. Generally, this court may consider only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. A party seeking to remove a case to federal court has the burden to establish federal jurisdiction. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758 (7th Cir. 2009). In this instance, defendant has not shown that this court has jurisdiction over the state eviction dispute. In response to plaintiff's motion to remand, defendant filed a brief arguing about why he should not be evicted from his home. But that argument relates to the merits of the case and does not show that jurisdiction exists.

1

In addition, defendant's notice of removal was untimely because he filed it more than 30 days after he was served with the state court summons and complaint. 28 U.S.C. § 1446(b)(B) (defendant has 30 days after service of initial pleading or summons to file notice of removal). The state court records show that defendant filed a notice of removal nearly nine months after the state court summons and complaint were served. Because defendant has not identified any legitimate basis for removing the eviction case to federal court, I will grant plaintiff's motion to remand.

Plaintiff also asks for an award of fees and costs under 28 U.S.C. § 1447, if remand is granted. Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In light of defendant's pro se status and his recent bankruptcy, <u>In re James Robert Lohr</u>, 3-17-14020–cjf (WD. Wis.), I will deny the motion.

## ORDER

IT IS ORDERED that

1. Plaintiff Robin MacLeish's motion to remand this case, dkt. #6, is GRANTED. The clerk of court is directed to remand the case to the Circuit Court for Sauk County.

2. Plaintiff's motion for an award of actual expenses, including attorney fees, is DENIED.

Entered this 3rd day of June, 2021.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge